The People ex rel. Josephine B. Dix et al.

v.

The City of Chicago.

*Mandamus—Petition—What Must Appear—Discretion—Sidewalks—Ordinance—Evidence—Judicial Notice.*

1. A writ of *mandamus* will not be awarded unless the petition shows on its face a clear right to have the thing sought by it done, and by the person or body sought to be coerced.

2. The court exercises a discretion in granting or refusing the writ.

3. Upon a petition for a *mandamus* to compel the city of Chicago to lower a certain sidewalk, it is *held:* That the petitioner can claim no right under an ordinance not set out in the petition; that the time when, the place where, and the body by whom the alleged ordinance was passed, with a recital of so much of it as was material, should have been stated in the petition; and that the time when the walk was built should also have been stated.

4. The courts do not take judicial notice of the Municipal Code of Chicago.

[Opinion filed September 6, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

This is an appeal from the judgment of the court below sustaining a demurrer to and dismissing the petition of appellants against the appellee, the City of Chicago, for a *mandamus* to compel the latter to lower or cause to be lowered a portion of the sidewalk on the west side of Rush Street, between Illinois and Michigan Streets, in said city, down to an alleged established grade. The petition alleges that petitioners owned the real estate fronting east on said Rush Street known as numbers 28, 30, 32, 34 and 36, and one Martin McNulty owned the remainder of the lots in the block, on the same side of said street, and known as numbers 18, 20, 22, 24 and 26; that the appellee had established a grade for a sidewalk along there; that petitioners had made the sidewalk in front of

their lots conformably thereto, but that said McNulty had made one in front of his said lots which was from nine to twelve inches higher than the grade so established and that of the sidewalk of petitioners, thus making a step in the said sidewalk which was unsightly and dangerous. The petition contains no statement as to the time when, or the materials out of which said walks or either portion thereof were made; whether made of plank or boards, gravel, stone or concrete, nowhere appears; nor is any fact or circumstance other than the fact that McNulty's part was from nine to twelve inches higher stated to show that such part was a public nuisance in said street.

The petition contained the following allegations:

"Your petitioners further represent that section 1924 of the Municipal Code of the city of Chicago provides that no part or portion of any sidewalk where the grade has been established, shall be laid or re-laid at any different grade or any other level than the adjacent portions of said sidewalks, and provides for a penalty for a violation of that section; and further provides that it shall be lawful for the department of public works to alter the same so as to make the same conform to the established grade; and that the costs and expenses of so altering the same may be recovered from the owner of the premises by the said city of Chicago.

"Your petitioners further show unto your Honors that the said city of Chicago, under and by virtue of its charter and the powers vested in it by law, and through its proper officers, did establish the grade and level of said sidewalk in front of the premises aforesaid, and on the west side of Rush Street, between Michigan and Illinois Streets; and that in the establishing of such grade and the passing of the foregoing ordinance to enforce the same, the said city of Chicago has in all things acted according to law."

The petition contains a statement that the grade was established before said sidewalks were made, but none as to whether said section of the Municipal Code of the city of Chicago was an ordinance passed by the common, or city council of said city, or as to when it was passed, or that it had been passed before, or was in force at the time of making any part of said sidewalks, or as to what constituted said Municipal Code.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellants.

Mr. CLARENCE A. KNIGHT, for appellee.

McALLISTER, J. It is the settled law of the Supreme Court of this State, that the writ of *mandamus* is only to be awarded in a case where the party applying for it shall show a clear right to have the thing sought by it done, and by the person or body sought to be coerced; that the petition must show on its face a clear right to the relief demanded by the relator, who must distinctly set forth all the material facts on which he relies, so that the same may be admitted or traversed. The People ex rel. v. Glann, 70 Ill. 232; The People ex rel. v. Davis, 93 Ill. 133. The court exercises a discretion in granting or refusing the writ, and if the right be doubtful it will be refused. Lavalle v. Soucy, 96 Ill. 467.

" A writ of *mandamus* will be granted against municipal corporations and their officers whenever they refuse or unreasonably neglect to perform any duty clearly enjoined upon them by charter or statute or law, and there is no specific legal remedy adequate to enforce the right of the public or the specific legal right of the relator." Dill. Municipal Corp. (1st Ed.) Sec. 665.

It is not claimed by counsel for appellants that they were entitled to the writ of *mandamus* on the ground that the statute or charter under which the city was organized imposed upon it the duty of keeping the streets in a reasonably safe condition, and that Rush Street, at the place in question, was not, as respected the sidewalk, in such condition, by reason of the rise therein of from nine to twelve inches, but in argument they base the right to such writ upon the provisions of an ordinance.

The short answer to that contention is, that no ordinance of the city of Chicago is set out in the petition as in force at the time when the sidewalks, or either of them, in question, were made.

There is no such thing known to the laws of this State as the " Municipal Code of Chicago " mentioned in the petition,

and of which the courts can take judicial notice. Hence the alleged ordinance, like any other matter of fact, should have been set out in the petition, if any rights were to be based upon it. Dill., Sec. 346; Trustees v. Lefler, 23 Ill. 90; Harker v. Mayor, 17 Wend. 199.

The rules of pleading applicable to such a case must necessarily be analogous to those which obtain in cases where rights are predicated upon a private statute. It was indispensable that the time when, the place where, and the body by whom the alleged ordinance was passed, with a recital of so much of the ordinance as was material, should have been stated and embodied in the petition in some manner that would admit of a proper traverse by the opposite party. Gould on Pl., 3d Ed., Chap. 3, Sec. 16; 9 Bac. Abr. Statute L., p. 261.

The petition fails to show when either sidewalk was made. It may have been more than twenty years before the petition was filed. It also fails to show of what material or how they were made. The petition was clearly insufficient, and the judgment should be affirmed.

*Judgment affirmed.*