## John V. A. Weaver v. Edgar M. Snow et al.

1.  DEFENSES—*Conditional Delivery of Contracts.*—In an action upon a contract the defendant may show that he delivered the contract, not as a contract, but to become a contract only upon the happening of a certain contingency which never happened.

2.  DESCRIPTION—*Of Premises in a Contract.*—Premises described as " My property, 48 Eldridge Court " in a contract with a real estate broker for the sale of the same.    There being an Eldridge Court in the city of Chicago of which the contractor was part owner, and the contract being dated at Chicago, the presumption is that the description referred to that property.

3.  SALES—*Real Estate Broker—When the Owner Must Object.*— When a real estate broker sells property, in his hands for sale, to a purchaser who is ready, able and willing to take and pay for it, if any of the terms of sale as to payments, abstract or deed, are unsatisfactory to the owner he must object on that ground and not refuse absolutely to sell.

4.  JUDICIAL NOTICE—*Of Ordinances.*—Courts do not take judicial notice of ordinances.    They must be proved.

5.  PRACTICE—*Objections Must be Made in the Court Below.*—When an allowance of interest is wrong, the point must be made in the court below.    It comes too late for the first time in the Appellate Court.

Assumpsit, for broker's commissions.  Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding.  Heard in this court at the October term, 1895.  Affirmed.  Opinion filed December 2, 1895.

L. S. HODGES, attorney for appellant.

COLLINS, GOODRICH, DARROW & VINCENT, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellees sued the appellant for $2,500 which they claimed because they had sold, for $17,500, the property mentioned in a paper delivered to them by appellant as follows :

"CHICAGO, May 9, 1890.

MESSRS. SNOW & DICKINSON :

I hereby authorize you to sell my property, No. 48 Eldridge Court, within 30 days from date, at fifteen thousand dollars ($15,000) net to me, the excess to be your commission.  Terms, one-third cash; balance 1 and 2 years, at 6 per cent, or all cash.

JOHN V. A. WEAVER."

The case was tried without a jury.  The appellant endeavored to show that he delivered the paper—not as a contract —but to become a contract only upon the happening of a certain contingency which never happened.  This was a competent defense.  Counselman v. Collins, 35 Ill. App. 68.

But the court found against him upon conflicting testimony.  It is urged that " my property, 48 Eldridge Court," is not a sufficient description.

There being an Eldridge Court in the city of Chicago, where the appellant was part owner of No. 48, and the contract being dated at Chicago, the presumption is that the contract referred to that property.  Harding v. Strong, 42 Ill. 148; White v. Hermann, 51 Ill. 243.

That the property was sold for $17,500 to a purchaser who was ready, able and willing to take and pay for it, is abundantly proved, and if any of the terms of the contract

as to payments, abstract or deed, were unsatisfactory to the appellant he should have objected on that ground, and not have refused absolutely to sell, as the testimony for the appellees is. Smith v. Keeler, 51 Ill. App. 267; 151 Ill. 518.

Whether the appellees had a broker's license or not is immaterial, as no city ordinance is in the record. A reference to ordinances by articles and sections, does not bring them into the case. Ordinances must be proved by copy put in evidence. Lindsay v. Chicago, 115 Ill. 120.

The court can not take judicial notice of them. People v. Chicago, 27 Ill. App. 217.

The allowance of interest may have been wrong, but no point on it was made below. It is now too late. Gifford v. McGuern, 51 Ill. App. 387.

It is a case of conflicting testimony upon which the finding below is conclusive. The judgment is affirmed.