B. W. HAGGARD, Appellant, v. PETTERSON ANDREW.

**Evidence: HARMLESS ERROR.** The holder of a note contended that it was given in consideration of the maker's appointment as an

| 107 | 417 |
| 134 | 705 |
| 107 | 417 |
| 136 | 504 |
| 107 | 417 |
| 137 | 75 |
| 107 | 417 |
| f140 | 671 |

agent of a company to sell its machines and supplies. The maker testified that the company was a myth, and that he supposed he was signing his name merely to enable the agent of the company to find him again should he desire to secure him as an agent. The maker was never appointed an agent. *Held*, that defendant may testify whether he "ever got any machinery," though it is not claimed the notes were given for machinery, since his negative answer tended to show he had never acted as agent, and defendant claimed that he received no consideration whatever for the note.

EVIDENCE OF BAD FAITH. Evidence of a newspaper article and current reports of a general character circulating in the community in which the holder of a promissory note lived, to the effect that the payee was a fictitious concern and that notes taken in its favor were without consideration, is admissible upon the question as to whether he was a *bona fide* holder of the note sued upon, where he was a subscriber for the paper in which the articles appeared, and the reports were current prior to the time when he became the owner of the note in suit.

Challenge to Juror: Error in overruling a challenge to a juror is not prejudicial, where the peremptory challenges of the party are not exhausted.

SAME. A challenge to a juror who was examined as to his feeling or bias in the words, "The plaintiff challenges the juror for cause," is too indefinite, in not stating the grounds.

Costs: AMENDED ABSTRACT. Costs of an amended abstract and a supplement thereto, filed by a successful appellee, will not be taxed to him, although the denial of appellant's abstract was not sufficiently specific to require the filing of a transcript by him, and the supplement was filed after appellant's argument, where the matter contained is fairly material.

*Appeal from Kossuth District Court.*—HON. LOT THOMAS, Judge.

SATURDAY, JANUARY 28, 1899.

ACTION upon a promissory note. Trial to jury, verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*E. C. Raymond* and *B. E. Kelly* for appellant.

*W. L. Joslyn* and *Sullivan & McMahon* for appellee.

WATERMAN, J.—Plaintiff seeks to recover on a promis-
sory note executed by defendant. The defenses set up are
(1) a general denial; (2) want of consideration, and that
plaintiff, who is an indorsee is not a *bona fide* holder; and
(3) that the execution of the note was procured by fraud.
The note was payable to the Farmers' Supply Company,
and was procured from defendant by one J. L. Sutton, who
claimed to be an agent of the company. Plaintiff claims the
fact to be that the note in suit, together with another for an
equal amount ($125), was given in consideration of the
appointment of defendant as an agent of said company, with
the right to sell its machinery and supplies within certain
territory. Defendant, on the other hand, contends that the
Farmers' Supply Company is a mythical concern; that he
is an ignorant man, unable to read or write; that he did not
know he was signing a note when he affixed his signature to
this instrument; that he wrote his name at Sutton's request,
merely to aid the latter in finding him again, should he
desire to secure him as an agent. Upon these issues the case
was tried.

I. - The first ground of complaint is that the court over-
ruled defendant's challenge to one Johnson, who was called
as a juror. It is said in the original abstract that, when this
challenge was interposed, plaintiff's peremptory chal-
lenges had been exhausted. In an amended abstract
appellee denies that the record shows this fact. If
there was no showing in the record that the juror could not ·
have been dismissed peremptorily, the error, if any, in over-
ruling the challenge for cause, was without prejudice. *Barnes
v. Town of Newton,* 46 Iowa, 567; *State v. George,* 62 Iowa,
682; *State v. Brownlee,* 84 Iowa, 473. If there is any ques-
tion as to the record on this matter, and there may, per-
haps be, this ruling of the court is sustainable upon
another ground. The juror was examined as to his
feeling or bias in the case. The challenge was in
these words: "The plaintiff challenges the juror for cause."

The challenge was too indefinite, in not stating the grounds. *Davis v. Insurance Co.,* 96 Iowa, 70; *Bonney v. Cocke,* 61 Iowa, 303.

II.   Next, it is said there was error in permitting defendant to answer, over plaintiff's objection, this question: "Did you ever get any machinery?"   The argument is that no claim is made that the notes were given for machinery; that they were given to purchase an agency.   Be this as it may, defendant's claim was that he never received any consideration whatever, and it certainly could not have prejudiced plaintiff for him to specify machinery as something he did not get.   The supply company pretended to deal in machinery.   The agency was a mere right to buy of it for sale to others, or to have orders in favor of others accepted and filled by it.   The negative answer given to this question by defendant tended to show that he had never acted as agent.   In either view, we think plaintiff was not improperly harmed by this ruling.

III.   Over plaintiff's objection, the trial court permitted defendant to introduce in evidence articles published in the newspapers of Algona, where plaintiff lived and did business, and also current reports, of a general character, which circulated in that community.   The tenor of these publications and reports was to the effect that the Farmers' Supply Company was a fictitious concern, and that the notes taken in its favor were without consideration.   We may add that plaintiff was shown to have been a subscriber for the papers in which these articles appeared, and that these publications were made, and the reports spoken of were current, prior to the time when plaintiff became the owner of the note in suit.   It is thought this evidence was inadmissible.   Testimony identical in character with this was held proper in *Merrill v. Hole,* 85 Iowa, 68, where the issue was, as here, whether plaintiff was a good-faith holder of a note sued upon.   It is thought by appellant that the facts published and reported were not sufficient, if

considered, to put plaintiff on inquiry. We need only say, without taking time or space to set this evidence out, that we are of a different opinion. True it is that it is not enough to prove that plaintiff might have known the infirmity of the paper, if he had exercised ordinary diligence in seeking information. In order to destroy his standing as a *bona fide* holder, it must be shown that he did in fact know its character, or willfully refrained from learning when opportunity offered. *Lehman v. Press,* 106 Iowa, 389, and cases cited. But knowledge may be established by circumstantial evidence, and such was the character of that we are considering. *Murray v. Walker,* 83 Iowa, 202. Some other rulings on evidence are complained of, but, we think, without just ground.

IV. Each of the instructions given by the court is challenged. We have read the charge carefully through, and our conclusion is that it fairly states the law applicable to the case.

V. Finally, it is said the evidence does not sustain the verdict. We think it does. If the jury believed the testimony offered in defendant's behalf, it could not have found otherwise than it did. We discern no ground for the claim that the verdict is the result of passion and prejudice.

Appellee filed an amended abstract of three pages, and a supplement thereto of two pages more, and it is asked that the costs thereof be taxed to him. While the denial of appellant's abstract is not sufficiently specific to require the filing of a transcript by him, this does not make the amended abstract superfluous. The matter contained therein is fairly material. That the supplement was filed after appellant's argument was made affords no ground for this motion. The motion will be overruled. AFFIRMED.