PORTER DONLEY, Appellee, v. A. L. PORTER, Appellant.

**Sale of Land on Commission:** AGENT'S AUTHORITY: COMPLIANCE WITH: WAIVER: EVIDENCE. Where a resident of Illinois authorized an agent to find a purchaser for his property, at a stated cash price, and the agent made a contract of sale at the price named —$50 down, balance on delivery of deed and abstract—the terms of sale were not as authorized, and no recovery of commissions could be had unless the conditions of payment and delivery of deed and abstract were waived by defendant. Evidence examined and held that there was a waiver of strict compliance by the agent in the terms of the sale.

*Appeal from Wright District Court.*—HON. J. R. WHIT-AKER, Judge.

MONDAY, FEBRUARY 9, 1903.

ACTION at law to recover compensation for services performed as a real estate broker. A jury was waived, and the case tried to the court, resulting in a judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Lyman Moats* and *Birdsall & Birdsall* for appellant.

*J. W. McGrath* for appellee.

DEEMER, J.—As the case was tried to the court without a jury, its findings as to the facts will not be disturbed in the absence of a showing of passion or prejudice. That defendant appointed plaintiff as his agent to find a purchaser for his property must, in view of the rule just announced, be accepted as a verity, for there was evidence to support such a finding, although it may not have preponderated toward that conclusion. To be entitled to his commission, it was incumbent on plaintiff to sh w that he did find a purchaser who was able, ready, and willing to

take the property for the price and on the terms named by the defendant. These terms were $1,800 in cash. That plaintiff found a purchaser who was able, ready and willing to carry out his contract is conceded, and the only questions for determination are: First, did plaintiff make such a contract with this purchaser as he was authorized to make? and, second, if he did not do so, did defendant waive strict compliance therewith? The purchaser offered to give $1800, for the property,—paid $50 down, and was to pay the balance when the deed was delivered. Plaintiff wrote defendant as follows regarding the sale:

"The terms of the sale, as I made them, were: I made contract sale for $1,800.00 cash,—$50 paid down, and the balance of cash to be paid when the deed and abstract, showing good title, is given. I expect to receive the regular commission for making such sale,—5 per cent. on the first $1,000,00, and two and one-half per cent on amount over the first $1,000.00; $70.00 in all. Send the deed and abstract to the Citizens' State Bank, and the money will be paid to the bank; also send the lease. I wish you would write me at once, and let me know when possession can be given under the lease, and when the papers will be forwarded to the bank."

To this defendant responded saying:

"Your letter at hand, and contents noted. I presume that you understand the terms and conditions which I am required to make. I have to have the cash, as it is a trustee matter, and their price is $1,800.00 net. I could not go your way home, as matters via. Ill. Central required my attention. Yours truly, A. L. Porter.

"P. S. I could not give immediate possession. A. L. P."

In answer to this the plaintiff wrote: "Your letter of the 7th at hand, and contents noted. In reply, will say that you, perhaps, have received my letters by this time, informing you of the terms of sale, etc. In regard to the

commission due now, I do not see how you interpret that I was to sell the place for $1,800.00 net. Your advice to me was to sell for $1,800.00, and, as I have done so, I will expect a commission, of course. Suppose I had sold for $2,000.00; could I have kept the $200.00 over what I was instructed to sell for? Not much. However, this is a matter for you and I to settle between ourselves, and does not interest the buyer. The buyer wants the property, and I have made contract with him to deliver the same, and I trust you will forward .the papers as explained in another letter."

Defendant then wrote:

"At present the price of the house and premises is $1,800.00 net. I cannot give possession before spring."

Responding to that, plaintiff wrote as follows:

"I herewith inclose to you deed for the Moats property, for your signature. Send the deed, lease, and abstract to the bank here, with such instructions as you deem necessary. The question of commission due me on this sale will be and can be settled by us later. Please hurry the papers along, and oblige. Yours truly, Porter Donly."

This was followed by a letter under date of November 16th, which reads as follows:

"Yours of the 15th inst. at hand, and contents noted. It would not be good policy for me to execute and forward deed, leaving matters to settle later behind. The lowest net appraisement, with a heavy loss to the heirs, was $1,800.00, and that is the amount that I expected to credit up to the heirs, while, at the same time, would like to be fair to all parties. The forwarding the deed should be the last act of the whole transaction. I am trying to please the general public, and am especially desirous to please nine heirs for whom I am trustee."

This closed the correspondence, but there is evidence that defendant would have completed the sale, had it been for $1,800 net. Defendant is a resident of the state of

Illinois, and his counsel argue that the effect of his proposal to take $1,800 for the property was that the money should be paid at his place of residence.   He further argues that the sale made by plaintiff was not for cash, and that the conditions with reference to the delivery of the deed and the furnishing of an abstract of title were unauthorized.   These propositions are all sound, and conclusive of the case, unless it be found that defendant waived these conditions and requirements, or so conducted himself as to be estopped from relying on them.

Had defendant made any of the objections he now relies upon when plaintiff informed him as to the sale, doubtless no recovery could be had.   Certainly there could have been no recovery unless the objectionable features of the contract had reen removed.   But when his attention was called to it, the only objection he made was that he should have $1,800 net to him.   He retained the deeds until the last, and was evidently endeavoring to induce plaintiff to waive his commission, or to make a new contract with the purchaser, similar in all respects to the original one, save as to price.   The objections on which he relied were without merit, for he did not mention a net price when he placed the property in the hands of plaintiff for sale.   The rule of law is well settled that, where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground, and put his conduct upon another and different consideration.   "He is not permitted to thus mend his hold, and is estopped from doing so by settled principles of law."   *Weaver v. Snow,* 60 Ill. App. 624; *Smith v. Keeler,* 151 Ill. 518 (38 N. E. Rep. 250); *Fenn v. Ware,* 100 Ga. 563 (28 S. E. Rep. 238); *Duclos v. Cunningham,* 102 N. Y. 678 (6 N. E. Rep. 790); *Blood v. Shannon,* 29 Cal. 393.   In each of these cases a broker was suing for his commission, and in each defend-

ant was contending that the sale was not according to the terms gi⌐⌐n the broker. None o⁣ the cases relied upon by appellant involve this principle, and they are therefore not decisive of the question before us. Had defendant made the objections on which he now relies, doubtless the plaintiff would have been able to cure the defects, and thus earned his commission, for it appears ·that the purchaser was ready, able, and willing to take the property, and to pay $1,800 cash therefor.

Our conclusion is that the judgment is right, and it is AFFIRMED.