S. N. HARRIS, Appellant, v. J. M. MOORE.

**Challenge to jurors:** SPECIFICATION OF GROUNDS. As a general rule a challenge to a juror for cause generally, without specifying the particular ground thereof, does not call for a ruling from the court; but where the examination clearly discloses the precise objection it is sufficient to require a ruling.

**Challenges:** DISCRETION: PREJUDICE. A cause will not be reversed because of the denial of a challenge for cause, where there is no showing of an abuse of discretion in so ruling, or that the party complaining had exhausted his peremptory challenges and was prejudiced by the ruling.

**Contracts:** PROOF OF PERFORMANCE. When no time is fixed by the parties within which a contract is to be performed it is necessary, in sueing thereon, to prove performance within a reasonable time.

*Appeal from Kossuth District Court.*— HON. W. B. QUARTON, Judge.

THURSDAY, JUNE 6, 1907.

SUIT at law to recover a commission for the sale of real estate. There was a trial to a jury, and a verdict and judgment for defendant, from which the plaintiff appeals.— *Affirmed.*

*Frederick M. Curtiss* and *George E. Clarke,* for appellant.

*Sullivan & McMahon* and *E. A. Morling,* for appellee.

SHERWIN, J.— But two questions are raised on this appeal. The first relates to the qualifications of one of the jurors who was challenged for cause, and the other to an instruction given by the court on its own motion. Code, section 332, provides that only such persons are competent as

jurors who can speak, write, and read the English language. In the examination of the juror John Deeg, it was developed that, while he could both speak and read the English language, he was not proficient in the other qualification. The net result of his examination disclosed the fact that he could write English some, but not very readily, and that his writing thereof was confined to the common words. His answer to one question was: " I can write it, but I cannot write it very well." The challenge was for cause generally without specifying the particular ground thereof and the appellee contends that the challenge was in itself insufficient to require a ruling from the court. That such is the general rule there is no question; but, while there was no specific ground of challenge in this instance, the examination of the juror clearly disclosed that the challenge was based on his lack of ability to write the English language, and this we think was all that was required.

There are two reasons why a reversal of this case cannot be had because of the court's ruling on the challenge. In the first place, the record fails to show that the plaintiff was prejudiced by the ruling, because it is not shown that the plaintiff had exhausted his peremptory challenges. *Haggard v. Petterson,* 107 Iowa, 417; *State v. Brownlee,* 84 Iowa, 475. Furthermore, the ruling was within the sound discretion of the court, and there is nothing in the record indicating that such discretion was abused. *State v. Crouch,* 130 Iowa, 478; *Wilson v. Wapello County,* 129 Iowa, 77.

The remaining question relates to the tenth instruction, which is claimed by the appellant to have been prejudicial error, because it presented for the consideration of the jury a question not at issue in the case. The plaintiff in his petition alleged that he entered into a contract with the defendant for the sale of his land at a stipulated price; he to receive all for which the land was sold above such price. He did not allege in his petition that the contract was to be performed within any particular time, and he testified as a wit-

ness that no time of performance was agreed upon. The answer contained a general denial, and pleaded further that the plaintiff had no contract for the sale of the land at the time he claimed to have produced a purchaser therefor. The instruction complained of was to the effect that, where no time was fixed for the performance of a contract, it must be performed within a reasonable time. The instruction was clearly correct under the issues and the evidence. Before recovery could be had by the plaintiff, it was necessary for him to plead and prove a performance of his contract, and under a general denial the defendant had the right, not only to offer testimony in denial of the contract as claimed by the plaintiff, but also to prove the contract which was in fact made, and no performance thereof on the plaintiff's part. *Tracy Land Co. v. Polk Land Co.*, 131 Iowa, 40. No time being fixed by the parties within which the contract was to be performed, it was necessary for the plaintiff to prove that he had performed it within a reasonable time, and the instruction complained of was not only perfectly proper, but it was absolutely necessary for the presentation of the case to the jury.

There is no error in the record, and the judgment is *affirmed.*