FURLONG & MELOY v. AMERICAN CENTRAL FIRE INSURANCE COMPANY, Appellant.

**Insurance:** EVIDENCE: INVENTORIES: INSTRUCTION. Inventories of
1 goods damaged or destroyed by fire are admissible in evidence in connection with and only so far as the items therein are referred to in the testimony of the witnesses identifying the same.

**Same:** ADMISSIONS: CONCLUSIVENESS. Books and inventories kept
2 by a merchant in the regular course of business constitute admissions of the facts therein recited, but are not so far conclusive that no evidence to contradict them can be offered until specifically explained or errors therein are pointed out; they are no higher order of evidence than the testimony of witnesses produced upon the trial.

**Jurors:** FORMATION OF OPINION: DISQUALIFICATION. Where the only issue to be submitted is the amount of plaintiff's recovery, a juror is not disqualified by reason of having formed an opinion that plaintiff is entitled to recover, not however involving the amount; and who states that he can decide the measure of recovery solely on the evidence. ·

**Same.** An appellant is in no position to complain of the disqualification of a juror where the record does not disclose that the juror sat in the case, or that he had exhausted his peremptory challenges.

*Appeal from Webster District Court.*— HON. W. D. EVANS, Judge.

WEDNESDAY, DECEMBER 11, 1907. ·

ACTION to recover for a loss under a fire insurance policy, in the amount of $1,000, on plaintiff's stock of merchandise, etc. There was a verdict for plaintiff for $831.35, and from judgment on this verdict defendant appeals.— *Affirmed.*

*Carr, Hewitt, Parker & Wright* and *Kenyon & O'Connor,* for appellant.

*Healy Bros. & Kelleher,* for appellee.

McCLAIN, J.— The policy sued on was one of ten policies on plaintiff's stock of goods on account of damage to which by fire there was a recovery against another company in an action in which judgment in plaintiff's favor has been affirmed at the present term. See *Furlong & Meloy v. North British & Mercantile Insurance Co. of Edinburg and London,* 136 Iowa, 468. All the questions discussed in the opinion in that case are involved in the present appeal, but the record in this case is substantially the same as that involved in the one just referred to, and further discussion of the questions there considered is unnecessary.

I.    In this case, however, complaint is made of an in-

struction referring to the Meloy inventory and Armstrong inventory, and the inventory of the basement goods, on the ground that the instruction is misleading as to the effect to be given to such inventories as introduced in evidence. These inventories are fully described in the opinion above referred to, and we need not now attempt to make a detailed statement with reference to them. It is sufficient to say that they were introduced in connection with the testimony of the persons who made them. The court told the jury that these inventories were introduced in evidence only for the purpose of showing a detailed and tabulated statement of items testified to by the witnesses upon the stand; that they were not admitted as original or substantive evidence, or as proving in and of themselves the statements contained therein, but in connection with the evidence of the witnesses with reference to such matters, and only so far as they were referred to in the testimony of the witnesses; and that the jury should give them no other consideration. We cannot see that this instruction was in any way erroneous nor likely to mislead the jury. As indicated in the opinion above referred to, these. inventories were admissible as statements of items to which the witnesses referred in their testimony. The jurors were instructed not to consider any items in these inventories not thus referred to. We are unable to see how the jury could have been better instructed, nor how they could have been misled by the instruction given.

*1. INSURANCE: evidence: inventories: instruction.*

II.   The court further instructed the jury, with reference to the books and records showing plaintiffs' inventories for previous years, invoices of purchases, etc., that such evidence was to be regarded as in the nature of admissions by plaintiffs of the matters entered in such books as of the time such entries were made, and that the weight or value to be given to such evidence, and the weight or value to be given to the estimates made by the expert witness with reference to his deductions drawn

*2. SAME: admissions: conclusiveness.*

from such records and inventories, were to be determined by them in the light of all the evidence in the case. The defendant asked an instruction to the effect that these books and records kept by the plaintiffs constituted solemn admissions by plaintiffs of the facts therein recorded, and, unless plaintiffs had shown that the entries they made were not correct and did not truthfully record the facts as they existed at the time, they should be taken as being true statements of the facts as they then existed. But the difficulty with the instruction asked is that it assumes a superior virtue for these prior records made by plaintiffs in the ordinary conduct of their business over the testimony given on the trial under oath by the same persons who made the prior records. We do not understand that as a matter of law these prior records were so far solemn admissions that, until errors therein were specifically explained, other evidence on the same subject was not admissible. It is to be noticed that such prior records do not in themselves constitute any evidence whatever with reference to the amount of stock on hand at the time of the fire. It was only by means of deductions drawn therefrom by the expert accountant that the defendant sought to show the probable value of plaintiffs' stock at the time that the fire occurred. The testimony of the expert accountant was admissible and was properly submitted to the jury for their consideration in the instruction given, but the court could not properly say to the jury that, until plaintiffs negatived the deductions which the expert accountant drew from the books and explained wherein they were incorrect, other evidence as to the amount of the loss could not be considered. The books and inventories kept by plaintiffs in the course of their business did constitute admissions, and the jury was so told; but we find no authority for instructing the jury that such books and inventories were solemn admissions conclusive on the plaintiffs until specifically explained, or errors therein were pointed out. In the rules of evidence some admissions, such

as admissions made in the pleadings or in open court during the trial of the case, are so far conclusive that no evidence to contradict them, so long as they stand unimpeached, is admissible. Other admissions, such, for instance, as statements made to a party with reference to the amount of a claim against him, especially if formally made in writing, are entitled to very great weight, greater weight perhaps in the absence of some explanation of error than the testimony of the party who has made the admissions. *Castner v. Chicago, B. & Q. Ry. Co.,* 126 Iowa, 581. But the ordinary admissions with reference to a fact not made in contemplation of any subsequent controversy, nor intended to be relied on by one with whom the subsequent controversy arises, seem not to be of any higher order of evidence than the testimony of witnesses given on the trial relating to such fact. It may be properly argued to a jury that a statement made as to a fact about which there is at the time no controversy ought to have greater weight than the subsequent contradictory testimony of the party making such statement when he is called as a witness. But the circumstances under which the statement or record was made may be such as to satisfy the jury that it is entitled to but little weight. The whole matter is for the jury to be determined according to their best judgment, and involves no rule of law as to the superiority of the statement or record. 2 Wigmore, Evidence, section 1057; 2 Elliott, Evidence, sections 224, 972.

III.    Complaint is made of the overruling by the court of a challenge to a juror, assumed, although not specifically shown by the record, to have been made on account of his

3. JURORS: formation of: opinion: disqualification.

having formed an opinion with reference to the case favorable to the plaintiffs. On an examination of the record as to the answers given by the witness touching his qualifications, we are satisfied that the trial court reached a proper conclusion. The witness professed to have formed an opinion as to the right of the plaintiffs to recover, but not as to any controversy re-

lating to the amount which plaintiffs should recover. As there was no controversy to be submitted to the jury save as to the measure of plaintiffs' recovery, their right to recover under the policy being conceded, and as the juror declared himself to be in a situation to decide the question as to plaintiffs' measure of recovery on the evidence to be submitted, no disqualification was made out. But, however this may be, the matter was for the decision of the court in the exercise of a sound discretion, and we have no occasion to interfere. *Wilson v. Wapello County,* 129 Iowa, 77; *State v. Crouch,* 130 Iowa, 478; *Harris v. Moore,* 134 Iowa, 704.

Furthermore, from the record as appears by the abstract, as amended by appellee, the correctness of which amendment is not questioned, we are unable to find that the 4. Same. challenged juror sat in the case, or that the appellant exhausted his peremptory challenges. In this state of the record, the appellant is in no situation to complain of an erroneous ruling with regard to the qualification of the juror. *State v. Brownlee,* 84 Iowa, 473; *Haggard v. Peterson,* 107 Iowa, 417.

Some complaints are made as to rulings in the admission of evidence; but an examination of the record shows them to be without foundation, and the judgment is *affirmed.*