## FENN, adm'r, *v.* WARE & OWENS.

| | |
|---|---|
| 100 | 563 |
| 114 | 909 |
| 100 | 563 |
| 115 | 939 |
| 100 | 563 |
| 117 | 363 |
| 100 | 563 |
| 126 | 789 |
| 100 | 563 |
| 129 | 491 |

1. Where an owner of land authorized a broker to sell it at a stated price, agreeing to pay him a certain sum as commission for making the sale, and the latter procured an offer to be made for the purchase of the land at that price, on stated terms of payment, which offer was accepted by the owner, the broker was entitled to his commission notwithstanding there was a failure to consummate the sale, if the cause of the failure was the refusal of the owner to proceed further with the transaction because she was dissatisfied with the terms of payment to which she had agreed. If this was the sole ground of objection assigned by the owner at the time of such refusal, other grounds of objection then known to her were waived, and would not avail her as a defense to an action for the commission.

2. The evidence warranted the verdict, and there was no error in denying a new trial.

Argued January 7,—Decided March 12, 1897.

Complaint on account. Before Judge Lumpkin. Fulton superior court. September term, 1895.

*Simmons & Corrigan*, for plaintiff in error.
*Mayson & Hill*, contra.

SIMMONS, Chief Justice.

Ware & Owens sued Mrs. Fenn for $100, alleged to be due them under a contract for services as brokers in selling a certain house and lot for her. They obtained a verdict for the amount sued for; and the defendant's motion for a new trial being overruled, she excepted.

According to the evidence for the plaintiffs, the defend-

ant's husband gave them the house and lot for sale at $2,750, and Ware, one of the plaintiffs, showed the property to W. R. Land, who agreed to buy it at that price. Ware, on calling to see the husband to inform him of this, was told by the defendant that the land was hers, and that her husband had no right to sell it. After some further conversation she said she would take $2,750 net to her for the property; and agreed that if Ware & Owens could make $100 over, he could have that for the commission. Nothing was at that time said as to whether the sale was to be to one or more persons. Ware then went to Land and obtained from him a proposition in writing as follows: "I will give $2,850 for the house," etc., describing the property, "on the following terms: $200 cash, and $40 a month, with eight per cent. interest on the deferred payments." This was signed by Land, and below his name he added in two places initials followed by ditto marks, intended to represent the names of two of his brothers. Ware took the paper to the defendant, who accepted the proposition, signing her name under the words: "Accepted, September 4, 1890," which were written across the face of the paper. She also gave Ware for examination her deed to the property. On the next day she wrote to Ware that she would want the notes payable every three months at the rate of $40 per month. After a delay of some weeks, due partly to the fact that Land did not at first have the $200, and partly to the fact that the attorney who was investigating the title had not reported on it, one of the plaintiffs went to the defendant's house and tendered her the cash payment of $200, and the notes, signed by W. R. Land only, together with a bond for title for her to sign. She refused to execute the bond or to accept the tender, giving as her only reason for so refusing, that the money was coming in in such small amounts that she could not use it advantageously, and it would be of no service to her. This ended the matter so far as the sale of the property was

·concerned. This version of the facts was contradicted in material respects by the defendant; but the jury having ac-·cepted it as true, we deal with the case accordingly.

It was insisted that under the facts above stated, the plaintiffs were not entitled to recover, because there was a failure to consummate the sale, and without fault on the part of the defendant; that the plaintiffs were not author-ized to substitute one purchaser or debtor for the three whose names were signed to the contract, and that the de-fendant was not bound to accept one instead of all three of them; that the delay in tendering the cash payment was ·of itself sufficient to release her; and that it made no differ-ence in law what were her reasons for declining to consum-.mate the sale, so long as there was a failure on the part of the other parties to the contract to comply with its terms. In our opinion the acceptance by the defendant of the offer .submitted to her by these brokers rendered her liable for the agreed commission, notwithstanding there was a failure .to consummate the sale, and notwithstanding there may .have been grounds which would have justified her in re-fusing to consummate it. Upon her acceptance of the offer ·there was a binding contract of purchase as to at least the person who signed the offer. Whether he was authorized to sign it in behalf of the other persons mentioned does not appear; but the contract being several, specific performance ·could have been enforced against him, even if the contract was not binding as to the other two. If the notes tendered to the defendant were unsatisfactory because signed by one person only, she ought to have said so then, instead of plac-ing her refusal wholly upon the ground that she was dis-·satisfied with the terms to which she had agreed. Possibly if she had said that she was not willing to accept the notes with the signature of but one of the parties to whom she understood she was selling, the objection would have been removed. At any rate, by placing her refusal upon the .ground stated, she should be treated as having waived other

things then known to her which were not brought forward as grounds of objection until she was sued. "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and different consideration. He is not permitted to thus mend his hold. He is estopped from doing it by a settled principle of law." 2 Herman, Estoppel, p. 947. This principle has been applied in a number of cases similar to the one now under consideration. See: Sayre v. Alson, 86 Ala. 51; Fiske v. Soule, 87 Cal. 313; Duclos v. Cunningham, 102 N. Y. 678; McFarland v. Lillard, 2 Ind. 16; Crouse v. Rhodes, 51 Ill. 120; Fuller v. Brady, 22 Id. 174. For numerous cases illustrating the same principle see, Am. & Eng. Enc. of Law, vol. 25, p. 916; vol. 28, p. 582, and notes to 24 Am. Dec. p. 90. Upon other features of the case, see Gellatt v. Ridge, 23 S. W. Rep. 884. The instructions of the court complained of in the motion for a new trial are substantially in accord with the views above stated. The evidence warranted the verdict and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., disqualified.*