## GIRARDEAU & SAUNDERS *v.* GIBSON.

A real estate agent is not entitled to commissions for the sale of land, where, prior to the completion of the sale, the parties disagree as to the terms of the sale and it is agreed between them that the transaction be considered at an end, if the agent acquiesces in such rescission of the contract of sale, even though the owner of the land subsequently places it in the hands of another agent who sells it on practically the same terms to the purchaser secured by the first agent; unless fraud or bad faith be shown.

Argued February 1, — Decided March 6, 1905.

Complaint.　Before Judge Reid.　City court of Atlanta.　March 24, 1904. .

*Mayson, Hill & McGill,* for plaintiffs, cited 118 *Ga.* 462; 114 *Ga.* 906; 96 *Ga.* 518.

SIMMONS, C. J. It appears from the record that Mrs. Gibson owned certain real estate in the city of Atlanta. Through her husband, or agent, she placed the land in the hands of Girardeau & Saunders and fixed the price, in case of sale, at $8,000. Girardeau found a purchaser in the person of one Durant, who agreed to pay this price. Deed of conveyance was executed by Mrs. Gibson to Durant, but was not delivered, for the reason that Durant declined to complete the sale until the taxes, which had been assessed before the trade, were paid. Gibson declined to pay the taxes, and, after much discussion between him and his brokers, they agreed that the trade be declared off, Durant assenting thereto. Subsequently Gibson placed the property in the hands of Ware, another real estate broker, and he sold it some time thereafter, to Durant for the same price. It is inferable from the record that Ware paid the taxes out of his commissions. Girardeau & Saunders seem to have been Mrs. Gibson's agents before the occurrence of the above-stated facts, and were indebted to her on account of rents which they had collected on this property. She brought suit to recover the amount of these rents; they filed a plea of set-off, and relied upon the facts stated, to establish their claim. On the trial of the case the judge directed a verdict against them in favor of Mrs. Gibson for the amount of her claim; to which ruling Girardeau & Saunders excepted.

It is a general rule that where the owner of land places it in the hands of a broker for sale at a certain price, and the broker finds a purchaser ready, willing, and able to buy, and the owner refuses to sell, he is liable to the broker for his commissions. Under the facts in this case, however, we do not think this rule applies. If, after the parties were brought together, there was a misunderstanding as to which one should pay the taxes, and the broker agreed with the parties that the trade be declared at an end, we think this amounted to a waiver of his right to commissions, or rather to a consent on his part that he was not entitled to them. If, instead of giving his consent, he had objected to the rescission, he would have been clearly entitled to his commissions; but when he agreed with the parties that there was no trade on account of the misunderstanding stated, he waived the right to

his fee.   The fact that the owner placed the land in the hands of another broker after the trade was declared off, and that broker sold to the same purchaser for the same price, the broker paying the taxes out of his commissions, would not entitle the first broker to recover, it not appearing that there was any collusion or fraud.   There was no error, therefore, in the trial judge directing a verdict against the set-off.

*Judgment affirmed.  All the Justices concur.*