## PARKER *v.* STUBBS.

1. Where, in a suit by a real estate agent or broker, seeking to recover commissions from his principal on account of the procuring of a purchaser and the refusal of the principal to consummate the sale, it appeared from the petition that the written agreement between the principal and the agent provided for the making of a sale on certain terms, and that the agent procured an offer to purchase on terms different in substantial particulars from those stated in such contract, which the principal declined, the petition was demurrable.

2. There was no error in rejecting the proposed amendment. If in some

respects it may have been permissible, it did not cure the variance between the authority given to the agent and the offer of the proposed purchaser.

NOVEMBER 20, 1912.

Complaint. Before Judge J. B. Park. Putnam superior court. September 18, 1911.

*F. C. Foster* and *J. E. Pottle,* for plaintiff.

*W. F. Jenkins, W. B. Wingfield, S. T. Wingfield,* and *Roy D. Stubbs,* for defendant.

LUMPKIN, J. ˙ The plaintiff sued the defendant to recover commissions claimed to be due him as a real estate agent or broker. The petition was dismissed on demurrer.

1. The case is practically controlled by the decision in *Van-Winkle* v. *Harris,* 137 *Ga.* 43 (72 S. E. 424). The written agreement between Parker, the plaintiff, and Stubbs, the defendant, provided that the former should have authority to sell the farm of the latter, described and stated to contain 1,700 acres, more or less, on certain terms. Among them were stipulations that the agent could sell the land at $10 per acre, payable one third cash, balance in five annual payments bearing interest at eight per cent. per annum, and that he should have as a commission all he could get in excess of $10 per acre, to be paid from the first money realized. The authority was to continue until a fixed time. The agent procured two purchasers who proposed in writing to buy the land at the rate of $10.50 per acre, "one third cash upon satisfactory title, accurate survey, and delivery of property. The balance payable in five annual payments, with interest at 8% from January 1, 1910. This trade subject to the written approval of Mr. and Mrs. R. D. Stubbs within five days from this date."

This offer differed from the authority given to the agent in several particulars. It provided, not for the making of "good and sufficient title," as did the authority, but for "satisfactory title," that is satisfactory to the buyer. It was dated August 30, 1909, and stated that interest on deferred payments of purchase-money should begin to run, not from the closing of the contract or delivery of the property, but from the first of the following January. It expressly made the trade subject to the written approval of Mr. and Mrs. Stubbs within five days from its date. There was nothing in the contract between Stubbs and Parker which showed any authority to agree to these terms. Accordingly, if the principal did

not assent to them, the agent could not claim commissions. If the plaintiff showed himself to be a broker, he did not show that he had procured a purchaser "ready, willing, and able to buy, and who actually offered to buy on the terms stipulated by the owner." Civil Code, § 3587.

2. An amendment was offered and rejected. Some parts of it may have been proper. Thus, the agreement between the principal and agent was for the sale of the land by the acre, and described the land as containing 1,700 acres, more or less. It was competent to allege that the owner agreed in parol to have a survey made, so as to determine the exact number of acres. And perhaps other parts of the amendment may have been permissible. But it is unnecessary to deal with each of the allegations. In two respects at least the amendment failed to cure the defects in the petition. It left the difference between the written agreement authorizing the agent to make "good and sufficient" titles and the statement of the offer that the title was to be "satisfactory" to the purchaser. And it also failed to cure the variance between the authority and the statement in the offer that the making of the trade should be subject to the written approval of Mr. and Mrs. Stubbs within five days. The proposed amendment alleged that Stubbs stated to Parker that Mrs. Stubbs had an interest in the land, but that he (Stubbs) had power and authority to act for and bind her in making the contract, and that Parker communicated this to the proposed purchasers. But evidently they were unwilling to accept this or the action of Stubbs as binding her, since they required, as a condition of the trade, that she bind herself in writing by accepting their offer within a time fixed by them. Besides, their offer was dated at Madison, Morgan County, was addressed to Parker at that place, and required the signature of Stubbs, who lived in another county, and of Mrs. Stubbs, in five days. The requirement of the signatures of both persons before the trade should be considered closed, and that this must be within the brief time of five days, was a material requirement not within the terms of the written contract between Stubbs and Parker. If the purchasers were entitled to have the written approval of Mrs. Stubbs, it should have appeared that a reasonable time was allowed therefor.

As the proposed amendment failed to cure the substantial defects in the petition, there was no error in rejecting it and sustaining the demurrer.      *Judgment affirmed. All the Justices concur.*