## 5860.  BALLEW v. WARE & HARPER.

BROYLES, J.  1. Contracts of dual agency are not void per se, but are so only when the fact that the agent represented both parties was not known to each.  The burden of making out a complete defense lies on the defendant; and where duality of agency is relied on as a defense, it is necessary for the defendant to prove, not only the fact of such agency, but also that the same was not known to both parties.  *Red Cypress Lumber Co.* v. *Perry*, 118 *Ga.* 876 (45 S. E. 674), and cases therein cited.  In this case the evidence clearly shows that each party knew that the real-estate brokers, Ware & Harper, represented the other party as well as himself.

2. The contract sued upon set forth a good cause of action, and accordingly was not subject to general demurrer; nor was it subject to the special demurrer which alleged that the contract set out in paragraph 3 of the petition placed no binding obligation on the defendant, because the said contract shows a duality of agency by the plaintiffs, Ware & Harper; the contract itself showing that this duality of agency was known to both parties to the contract.  See authority cited above.

3. The court did not err in admitting in evidence the contract attached to the depositions of George Ware, a member of the firm of Ware & Harper, over the defendant's objection that it was not the contract sued on, nor the contract identified by the witness Ware as the contract sued on, because in his depositions he stated that the contract sued on was dated September 11, 1911, and the contract attached to the depositions showed that it was dated September 8, 1911.  The contract attached to Ware's depositions itself shows that it was dated September 8, 1911, and was identified by him as the contract sued on; and the fact that the witness stated in his depositions that it was dated September 11, 1911, whether a typographical error or a mistake of the witness, is immaterial, the contract itself being the best proof of the date, and another witness, Ollie W. Elliott, having testified that it was dated September 8, 1911.  However, even if this objection was good, this discrepancy in the testimony as to the date of the contract made it a question of fact for the jury to determine whether, under the evidence, the contract attached to Ware's depositions was the contract sued on; and, they having passed on that question, the error, if one, was cured by their verdict.

4. The court did not err in admitting in evidence the same contract, over the further objection of the defendant that it was, in the description of the land which was the subject-matter of the suit, too indefinite and uncertain to be the subject of a suit or an enforceable contract.  As said in *Crawford* v. *Verner*, 122 *Ga.* 816 (50 S. E. 959): "Where it can be gathered from the words employed in a deed that the intention of the grantor was to convey the whole of the tract owned by him, even a vague description of the same will suffice, if by competent parol evidence its precise location is capable of ascertainment and its identity can be established."  The description of the land in the contract, coupled with the admissions in the defendant's answer, was sufficiently definite and certain to make the contract an enforceable one.  See also *Bush* v. *Black*, 142 *Ga.* 157 (82 S. E. 530).

5. The evidence authorized the verdict, and the court did not err in over-- ruling the motion for a new trial.     *Judgment affirmed.*

DECIDED MARCH 23, 1915.

Complaint; from city court of Elberton—Judge Grogan.  May 30, 1914.

*James T. Sisk,* for plaintiff in error.
*Worley & Nall,* contra.