### 12026.  WINER *v.* FLOURNOY REALTY COMPANY.

JENKINS, P. J. 1. "The general rule, in the absence of a different agreement, is that a real estate broker in whose hands property is placed for sale earns his commissions when, during the agency, he finds a purchaser ready, willing, and able to buy, and who offers to buy on the terms stipulated by the owner. If the evidence shows such facts, and the owner refuses to carry out the trade, it is not generally necessary, in order for the broker or agent to recover his commissions, that the proposed purchaser should make to the proposed vendor an actual tender of the purchase price." *Smith* v. *Tatum,* 140 *Ga.* 719 (1) (79 S. E. 775).

2. In order for the broker's commission to be earned, the offer of a seller must be accepted by the purchaser unequivocally, unconditionally, and without variance of any sort. *Gray* v. *Lynn,* 139 *Ga.* 294 (77 S. E. 156); *Robinson* v. *Weller,* 81 *Ga.* 704 (8 S. E. 447); *Parker* v. *Stubbs,* 139 *Ga.* 46 (1) (76 S. E. 571); *Dillin-Morris Co.* v. *Gillespie,* 15 *Ga. App.* 210 (82 S. E. 812). Where there is no express stipulation for a particular sort of title, such as a perfect record title, or a title subject to the purchaser's approval, ordinarily the only implication in an executory contract for the sale of land is a promise to convey a "good title." This term imports no more than a marketable title, or one free from reasonable doubt; that is, not only a valid title in fact, but one that can again be sold to a reasonable purchaser, or mortgaged to a person of reasonable prudence. *Cowdery* v. *Greenlee,* 126 *Ga.* 786 (2), 790 (55 S. E. 918, 8 L. R. A. (N. S.) 137); *Ellis* v. *Lockett,* 100 *Ga.* 719, 730 (28 S. E. 452);

*Truitt* v. *Ansley,* 12 *Ga. App.* 329 (1), 332, 336 (77 S. E. 200). Thus, where, as in the instant case, the terms upon which the property is listed with the broker are silent as to the sort of title to be furnished, the broker and the prospective purchaser would be unauthorized to insert in the memorandum or "binder" to close the sale a provision conditioning the obligation to buy upon "purchaser's approval of title," and such an unauthorized stipulation would ordinarily amount to such a substantial variance in the terms of sale as would defeat the broker's right to commission. *Van Winkle* v. *Harris,* 137 *Ga.* 43 (72 S. E. 424); *City of Rome* v. *Breed,* 21 *Ga. App.* 805 (1, 2) (95 S. E. 754). But where, as here, the offer containing such a provision is presented to the owner, who makes no objection to the form or substance thereof, but submits it to an attorney, and the attorney merely enters a notation thereon, "This form all right if the amount suits you," and where the owner continues to make no objection thereto, but upon other grounds refuses to sell, the owner's right to stand upon such an objection is waived. "Where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and different consideration" *Fenn* v. *Ware,* 100 *Ga.* 563 (1), 566 (28 S. E. 238, 239); *Tuggle* v. *Green,* 25 *Ga. App.* 647 (104 S. E. 85, 88); *Cowdery* v. *Greenlee,* 126 *Ga.* 786 (1), 789 (55 S. E. 918, 8 L. R. A. (N. S.) 137).

3. While it is true that a real-estate broker, who secretly undertakes to represent both the owner and the prospective purchaser, can not recover commissions from either (*Gann* v. *Zettler,* 3 *Ga. App.* 589, 60 S. E. 283; *Arthur* v. *Georgia Cotton Co.,* 22 *Ga. App.* 431, 96 S. E. 232; *John* v. *Thrower,* 11 *Ga. App.* 494, 495 (2), 75 S. E. 819), yet contracts of dual agency are not void per se, but are so only when the fact that the agent represented both parties was not known to each. In such a case the burden of making out a complete defense rests upon the defendant; and where dual agency is relied on to defeat the liability for commissions, it is necessary for the defendant to prove not only the fact of such dual agency, but that it was not known to both parties. *Red Cypress Lumber Co.* v. *Perry,* 118 *Ga.* 876 (1, 2) (45 S. E. 674); *Ballew* v. *Ware,* 16 *Ga. App.* 149 (1) (84 S. E. 597). The evidence failing even to show such dual agency, and being limited merely to the fact that the broker, at the request of the offerer, presented to the owner offers to purchase for amounts less than that listed, the court did not err in refusing to charge the jury on this principle.

4. The court charged the jury to the effect that a husband's agency for the wife must be proved like any other agency, and that there is no presumption either way as to the existence of such agency merely by virtue of such relationship. This was not error. In the same connection the court charged the jury that the burden of proof lay upon the plaintiff to establish its case by a preponderance of the evidence.

5. In so far as the exceptions to the charge are not covered by these rulings, they are without merit. The defense of the owner, resting chiefly upon her denial of her husband's authority to act for her in listing the property with the plaintiff, and upon her contention that its listing had been withdrawn prior to the offer of purchase, raised an issue of fact, which, under the conflicting testimony relative to the fact of agency and a ratification thereof by her, was

passed upon by the jury; and the judge did not err in refusing to disturb their finding thereon.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED MAY 14, 1921.

Complaint; from city court of Columbus — Judge Tigner. December 8, 1920.

*McCutchen & Bowden,* for plaintiff in error.

*F. U. Garrard, W. R. Flournoy, A. S. Bradley,* contra.