### 13249. ROBERTS *v.* PRATER & FORRESTER.

JENKINS, P. J. 1. The mere fact that in a contract between an owner and a broker, listing property for sale, use is made of the words " to sell," does not change the status of the agent thus employed from that of a broker to a sales agent, so as to render inoperative the provision of the Civil Code (1910), § 3587, that " the broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." It is furthermore true " that where the purchaser presented by the broker is accepted by the vendor, and they enter into a binding, valid, and enforceable contract of sale, the broker is entitled to his commissions; and this right is not destroyed though the purchaser may fail or be unable to make deferred payments, or the contract may not be carried into full effect." *Payne* v. *Ponder*, 139 *Ga.* 283, 287 (77 S. E. 32, 34); *Odell* v. *Dozier*, 104 *Ga.* 203 (30 S. E. 813). It is possible, however, for the owner, by the contract of employment (as was done here), to appoint, not a broker, but an exclusive sales agent, so that the latter will be entitled to commissions only upon consummated sales; and not upon mere executory contracts as contemplated by the provisions of the code section quoted from. *Hyams* v. *Miller*, 71 *Ga.* 608; *Humphries* v. *Smith,* 5 *Ga. App.* 340 (63 S. E. 248). Even in such a case the agent would not, however, be deprived of his commissions, if it be made to appear that the whole service or duty devolving upon the agent has been performed, and that only the refusal or interference of the owner has prevented the consummation of the sale according to the terms authorized in the contract of listment. *Hyams* v. *Miller,* supra; *Fenn* v. *Ware,* 100 *Ga.* 563 (1) (28 S. E. 238); *Girardeau* v. *Gibson,* 122 *Ga.* 313, 314 (50 S. E. 91); *Hogan* v. *Gilbert,* 27 *Ga. App.* 444 (2) (108 S. E. 265).

2. To entitle a sales agent to commissions in a case where the sale has not been consummated, it must therefore be made to appear that he has performed the whole duty or service required of him under his contract, except in so far as he has been prevented by the conduct of the owner. Thus, where the contract between the owner and the agent expressly provides for the consummation of the sale, and provides that the purchaser shall thereupon, as a part of the terms of purchase, pay over a stated portion of the purchase price as an initial payment, no compliance with the agent's obligations has been made, unless the proposed purchasers actually pay or offer to pay the initial payment stipulated by the contract of listment. Nor would the rule be altered by reason of the fact that, prior to the making of the prescribed initial payments, and pending the actual consummation of the sale between the owner and the proposed purchaser, the agent may have presented to the owner memorandums indicating the persons to whom and the prices at which the property was knocked off, and that the owner endorsed his approval thereon. Such a mere preliminary or tentative approval of a proposed sale, the terms of which had not been complied with, and which had not become binding upon the parties, would not entitle the agent to

commissions where the sale remained unexecuted without fault on the part of the owner, since it did not operate to alter the terms of sale prescribed by the owner, and therefore did not relieve the agent of his duty to provide a purchaser on the terms thus stipulated. *Hyams* v. *Miller*, supra; *Payne* v. *Ponder*, supra.

3. It appearing, from the evidence, that no sale of the property listed was actually consummated, and nothing appearing to indicate that a sale on the terms prescribed was refused or prevented by the owner, and it further appearing that the proposed purchasers furnished by the agent neither actually paid nor tendered the full initial payments prescribed by the owner, the agent was not entitled to commissions, and a verdict for the defendant was demanded. The court therefore erred in overruling the petition for certiorari.

> *Judgment reversed. Stephens and Bell, JJ., concur.*
> DECIDED NOVEMBER 23, 1922.

Certiorari; from Gwinnett superior court — Judge Fortson. December 6, 1921.

*O. A. Nix,* for plaintiff in error.
*Dobbs & Barrett, A. G. Liles,* contra.