16197.   KISER REAL ESTATE COMPANY *v.* SHIPPEN HARDWOOD LUMBER COMPANY.

JENKINS, P. J. 1. "The general rule, in the absence of a different agreement, is that a real estate broker in whose hands property is placed for sale earns his commissions when, during the agency, he finds a purchaser ready, willing, and able to buy, and who offers to buy on the terms stipulated by the owner." *Winer* v. *Flournoy Realty Co.*, 27 *Ga. App.* 87 (1) (107 S. E. 398); *Houser* v. *Vose*, 33 *Ga. App.* 431 (126 S. E. 869, 870). Thus, under the general rule, where the broker has thus complied with his usual undertaking, he is entitled to his commission although the sale fails of consummation on account of the owner's inability to make good title. *Davis* v. *Morgan*, 96 *Ga.* 518 (23 S. E. 417). But where by the terms of the contract of listment it is expressly agreed that the broker's right to commission is conditioned upon an actual transfer of the property, the contract providing that he shall be paid "on the date formal transfer is made," such a provision is binding, and the broker is not entitled to his commission until the sale is actually effected, unless it be shown that he has fully complied with his undertaking by producing a purchaser ready, willing,

and able to buy, and who actually offers to buy on the agreed terms, and that the sale fails of consummation only because the owner in bad faith fails and refused to effectuate the same. See *Rowland & Rowland v. Kraft*, 31 *Ga. App.* 593, 595 (1) (121 S. E. 526); *Nutting v. Kennedy*, 16 *Ga. App.* 569 (85 S. E. 767). In other words, it is possible for the owner and the broker to so contract as to change the general rule, and by their special agreement to provide that commission shall not be earned unless or until the sale becomes actually effectuated. In such a case, where the offer of the purchaser does not absolutely obligate him to buy, but limits the proposal to his approval of title, and where the sale fails to become effected on account of defective title, and not on account of the owner's refusal to sell, the owner, under such special contract of listment, does not become liable for commission.

2. If the petition, which sets forth and relies upon a written offer to purchase procured by the plaintiff, should be construed as a suit for commission as earned by a sales agent who had thus procured the necessary valid and binding offer to purchase (see *Roberts v. Prater*, 29 *Ga. App.* 245, 114 S. E. 645), it was subject to demurrer, in that the proposal failed to identify with any sort of certainty the property proposed to be purchased. If the petition be treated as a suit for commission by a broker, but limited in its right to commission by the special terms of its contract of listment, making such right contingent upon the final consummation of the trade (see *Payne v. Ponder*, 139 *Ga.* 283, 285, 77 S. E. 32), it was not entitled to recover, even should it be entitled to introduce parol evidence in aid of the pleaded written proposal for the purpose of identifying the property intended to be referred to thereby; since the proposal was on its face conditioned upon the acceptance of the title by the offerer, and under the terms of the contract of listment, the owner would be subject to the payment of commission, not under the terms of section 3587 of the Civil Code (1910), but only when the sale was actually consummated. It not appearing that the offer was unconditional, or that the defendant owner refused to consummate the terms of the proposal, he was not subject to the payment of commission, and the trial judge did not err in sustaining the demurrer to the petition.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 9, 1925.

Complaint; from Fulton superior court — Judge Humphries. November 25, 1924.

*Anderson, Rountree & Crenshaw, E. P. Tuttle,* for plaintiff.

*Randolph, Parker & Fortson, Jones, Evins, Moore & Powers,* for defendant.