DECIDED JANUARY 16, 1928.

---

18075.  HALL *v.* VANDIVER.

JENKINS, P. J.  1.  In a suit for a real-estate broker's commissions the burden is on the plaintiff to establish a contract of listment and its performance on his own part.  While the letter and telegram of the defendant did not bind him in express terms to pay commissions, it can not be questioned that in thus agreeing to list the property with the plaintiff he must have known that the plaintiff understood he was to receive the commission which had been specified in the letters to which the defendant was replying.  Accordingly, there was established a contract listing the property with the plaintiff broker, which, had it been performed according to its terms, would have entitled the plaintiff to the commissions sued for.  Civil Code (1910), § 4267.

2.  Ordinarily a real-estate broker earns his commission when, "during the agency he finds a purchaser ready, willing and able to buy, and who actually offers to buy on the terms stipulated by the owner."  Civil Code (1910), § 3587.  If the owner of the property desires to limit his liability for commissions in a manner other than that which is governed by the general rule, such as that commissions will be due only in the event of a consummated sale, provision for such limitation of liability must be embodied in the authority to sell.  If property has been listed without any such limiting stipulations, the owner can not, after receiving an offer in accordance with the terms of the authority to sell, proceed to impose special limitations upon his liability for commissions.  But if the offer as submitted is at variance with the terms of the contract listing the property, the owner may either decline the offer or accept it coupled with new conditions or limitations limiting his liability for commissions; the effect of such a conditional acceptance being to submit a counter-proposal under which the property might be sold, and under which he would be liable for commissions.  *Howard* v. *Sills,* 154 *Ga.* 430 (114 S. E. 580); *Winer* v. *Flournoy Realty Co.,* 27 *Ga. App.* 87 (2) (107 S. E. 398).

3.  Where by the terms of a letter dated March 11, 1925, the owner of property rendered himself liable for broker's commissions upon the submission by the broker of an immediate bona fide cash offer in a stated sum, and where, on April 2 following the broker, in pursuance of such correspondence submitted an offer at the price named, but contingent upon payment being deferred several months thereafter, the owner of the property was not liable to the broker for commissions under the offer

---

Brokers, 9 C. J. p. 560, n. 18; p. 599, n. 49; p. 632, n. 11.

as made, both because it was not immediate, and for the further reason that its terms with reference to deferred payment were at variance with the terms stipulated by the contract of listment. In such a case, that is, where the rights of the broker under the previous agreement have become terminated, and the owner, in response to such an offer as thus submitted, notifies the broker that he will then accept the price previously indicated, provided it be paid in cash, and provided further that the attorney's fees to be paid by him in effecting the transfer of title shall not exceed $5, the stipulations embodied by the owner in such renewed offer are valid and binding, and must be con formed to by the broker before he can claim commissions thereunder. Where, in such a case, the broker renews the offer on behalf of his client to purchase, but with such offer notifies the owner that "the attorney's fee for drawing deed and attendance at closing will cost $25," the owner of the property is not liable to the broker for commissions under the renewed offer as made, for the reason that the terms of the offer with reference to attorney's fees are at variance with those stipulated. In such a case the renewed offer to purchase, being at variance with the proposal to sell, amounts to nothing more than a counter-proposition made through the broker, and the owner is at liberty to reject the same without being liable to the broker for commissions, or he is at liberty to accept the same coupled with a new condition of his own providing, in effect, for the payment of commissions only upon the actual consummation of the sale. See, in this connection, *Humphries* v. *Smith*, 5 *Ga. App.* 340, 343 (63 S. E. 248).

4. No offer having been submitted by the broker in accordance with the terms and stipulations of any authority to sell, and the purchaser found by the broker having refused to actually consummate the sale as required by the valid terms of the final proposal made by the defendant owner, the verdict rendered in favor of the defendant was in accordance with law, and the judge of the superior court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bell, J., concurs.*

STEPHENS, J., dissenting. The matter as to attorney's fees to be paid by the plaintiff for the drawing of the deed, etc., is separate and distinct from the question as to whether the defendant, the real-estate broker, had procured a purchaser in accordance with the plaintiff's terms. Whether the plaintiff and the defendant came to an agreement as to the matter of such attorney's fees is immaterial. The evidence appears to be conclusive that the broker found a purchaser upon the plaintiff's terms, and was therefore as a matter of law entitled to the commission. The evidence is insufficient to authorize the verdict found for the defendant. I am of the opinion that the judgment should be reversed upon the ground that the verdict found is without evidence to support it. I therefore dissent from the judgment of affirmance.

DECIDED JANUARY 16, 1928.

Appeal; from Floyd superior court—Judge Maddox. March 11, 1927.

42

## STATEMENT OF FACTS BY JENKINS, P. J.

Hall brought suit in a justice's court against Vandiver, for commissions alleged to be due him as a real-estate broker in the amount of $75. The magistrate rendered judgment for the defendant, and the plaintiff appealed to a jury in the superior court. On the trial it appeared that the defendant owned a certain lot in Brooklyn, New York; that the plaintiff, a real-estate broker in that city, on December 28, 1924, wrote the defendant with reference to the lot as follows:

"J. M. Vandiver, Esq., State Capitol, Atlanta, Ga.

"Dear Sir: Will you kindly advise me if your lot 20x100 located on the east side of East 29th Street, Brooklyn, N. Y., is in the market for sale. If so, will you kindly advise me the lowest cash offer you will accept, and oblige.

"Very truly yours,   Daniel H. Hall."

The defendant replied, on December 12, 1924, as follows:

"Daniel H. Hall, 169 Baltic Street, Brooklyn, N. Y.

"Dear Sir: · This is to acknowledge receipt of your letter of December 8th, relative to sale of lot located on East 29th Street, Brooklyn, N. Y. I desire to say in reply thereto that I have been offered for this lot $1200, as the enclosed letter will show. If you desire to make an offer will be glad to hear from you. After reading this letter, please do me the kindness to return in the enclosed stamped envelope.

"Very truly yours, Jno. M. Vandiver."

"Address: Box 114, Rome, Georgia; or State Capitol, Atlanta, Georgia."

On December 19, 1924, the plaintiff wrote to defendant as follows:

"Mr. John M. Vandiver, State Capitol, Atlanta, Ga.

"Dear Mr. Vandiver: Received your letter dated Dec. 12th, with enclosure. I called my buyer on the phone, and he made me an offer of $900, all cash. I then informed him that you had received an offer of $1200, but he would not increase the above offer. As you only own a single lot in that section, it is very hard to locate a buyer, as most of the houses built in that section are on plots 30 or 40 ft. frontage. Of course, as this is an all-cash offer, it would avoid the expense of drawing and filing mortgage papers; also the collection of interest. If this offer interests you,

I would be glad to take the matter up with your representative in this city. I am enclosing the letter which you received from Mr. Fallon. The commission for selling this lot is $50. Hoping to hear a favorable reply, I remain,

"Very truly yours,   Daniel H. Hall."

To this letter no reply was made by defendant; and on February 25, 1925, plaintiff again wrote defendant as follows:

"J. M. Vandiver, Esq., State Capitol, Atlanta, Georgia.

"Dear Sir: Sometime ago I wrote you a letter offering the sum of $900 cash for your lot on East 29th Street, Brooklyn, New York. As I did not receive a reply, I believed the offer was not acceptable to you, but that was the best offer I could obtain from my prospect. I have kept this lot on my list, and at last I have found another who offers $1100 cash. I have always acted on the cash proposition, knowing that you do not want to bother with a mortgage. My commission will be $75 in this matter. Will you kindly favor me with a reply at once.

"Very truly yours,   Daniel H. Hall."

The defendant replied as follows:

"Daniel H. Hall, 169 Baltic Street, Brooklyn, N. Y.

"Dear Sir: This is to acknowledge receipt of your letter of February 25th, relative to the purchase of lot on East 29th Street, Brooklyn, N. Y. In reply thereto I will take $1500 for this lot. If this price appeals to your client, please let me hear from you. This price, however, is for immediate acceptance only.

"Very truly yours,   Jno. M. Vandiver.

"Address: Rome, Georgia; or State Capitol, Atlanta, Georgia.

"P. S. I have had from other parties better offers than you make in your letter.   J. M. V."

On April 2, 1925, plaintiff wrote to defendant as follows:

"Mr. Jno. M. Vandiver, State Capitol, Atlanta, Ga.

"Dear Sir: Enclosed please find check payable to your order for the sum of $100, as a deposit for the purchase of your lot on East 29th Street, Brooklyn, N. Y. I am also enclosing a deposit form which I had the purchaser sign, and I would ask you to kindly check up the description of the property, so as to be sure I have the right dimensions. If the terms meet your approval, advise me who will draw up the contract. The reason that the purchaser desires to take title in July 1st is that I insisted that the price be

paid in cash, as you did not want to take back a mortgage. I would have answered your letter before this date, only I have been unable to effect a sale at $1500 until last evening. Hoping to hear a favorable reply, I remain,

"Very truly yours,   Daniel H. Hall.

"P. S.   Please sign one deposit form and return same to me." The deposit form referred to in this letter of the plaintiff is as follows:

"Real Estate Daniel H. Hall, Insurance"

"169 Baltic Street, Brooklyn, N. Y.   April 1st, 1925.

"Received from G. Larson, purchaser, residing at 1762 East 23rd Street, Brooklyn, N. Y., the sum of one hundred dollars ($100.00) as deposit and on account of the purchase-price of premises located east side of East 29th Street, 280 feet south of Avenue L, being 20 feet in width front and rear, and 105 feet in depth on both sides, being known as lot No. 31, Block 7647, Sec. 23, Borough of Brooklyn, City and State of New York. Purchase-price is fifteen hundred dollars ($1500.00) payable as follows: Cash on signing more formal contract, including amount of this deposit ($500.00) five hundred dollars. Cash on delivery of deed ($1000) one thousand dollars. The deed shall be delivered on the 1st day of July, 1925, at 4 p. m. at 2421 Foster Avenue, Brooklyn, N. Y. (Chas. F. Henderson Office). This deposit accepted subject to owner's approval of price and terms. If owner fails to accept offer on or before 15 days from above date, this deposit shall be refunded; but if accepted, more formal contracts shall be signed by the purchaser and the seller on the 1st day of May, 1925. Owner recognizes Daniel H. Hall as broker who brought about this sale, and agrees to pay him the sum of seventy-five ($75.00) dollars as commission.

"I, the undersigned purchaser of the above described premises, agree to the terms set forth hereon

Gustaf Larson, Purchaser.

The above deposit has been received by me, the owner of said premises, and the terms and conditions set forth hereon are acceptable to me.

. . . . . . . . . . . . . . . . . . . . Owner

Daniel H. Hall, Broker."

After the receipt of plaintiff's letter of April 2, and the deposit form, the defendant, on April 7, sent the following telegram:

"Daniel H. Hall, 169 Baltic St., Henry-0636, Brooklyn, N. Y. Your check and contract received have deed drawn forward same to me for my signature cost not to exceed five dollars if we can close up all cash payments in full immediately. By way of explanation am having trouble with New York real-estate firm claims to have sold property April second am requesting them to rescind transaction. Am disposed to favor sale to your client you having sold on April first in compliance with my letter of instructions other parties trying to compel me comply with their sale of April second your description of lot correct. John M. Vandiver."

In reply to this telegram, plaintiff wrote to defendant, on April 11, 1925, as follows:

"Mr. John M. Vandiver, State Capitol, Atlanta, Ga.

"Dear Mr. Vandiver: Received your day letter, and at once I called to see my client. I informed him of the contents of your letter, and he stated that he would close the matter as requested when the deed is received signed, and the search completed. I will have an attorney draw the deed as requested; also it will be necessary for the attorney to be present at the time of closing to represent your interest. The attorney's fee for drawing deed and attendance at closing will cost $25. The other charges will be the revenue stamp of $1.50 for the deed, payment of taxes and assessments, if any, that are liens against the property up to the day of closing, and the commission for the sale of the lot ($75.00). If you have any other attorney to represent you in this city, I will be only too glad to take up this matter with him. Thanking you for past favors, I remain,

"Very truly yours,   Daniel H. Hall.

"P. S. The deed will be sent to you in a few days."

On April 15, 1925, the plaintiff again wrote defendant:

"Mr. John M. Vandiver, State Capitol, Atlanta, Ga.

"Dear Mr. Vandiver: Enclosed please find deed, which I had drawn by Mr. William Rappel, attorney at law. Will you kindly sign same before a notary public, and use the certificate attached to same, as the laws of the State of New York require such certificate. At the time I had this deed drawn I did not know whether you were married or single; therefore I would like you to insert your wife's name on the first page of the deed, and have her sign the deed with you, if you are married. I will have certified

check payable to your order drawn at the time of delivery of deed, providing you wish Mr. Rappel to take care of your interest. Please send me a written authority to deduct the lawyer's fee for drawing deed and attending to closing in the sum of $25, broker's fee of $75, and the payment of any taxes or assessments which may be liens against the property at the time of closing. Hoping this will be satisfactory to you, I remain,

"Very truly yours, Daniel H. Hall."

The defendant replied:

"Mr. D. H. Hall, 169 Baltic Street, Brooklyn, N. Y.

"Dear Sir: I am forwarding to the Title Guarantee & Trust Company, 175 Remsen Street, Brooklyn, N. Y., the deed drawn in favor of Mr. Gustaf Larson, to lot on East 29th Street, Brooklyn, about which we have had correspondence. I have instructed the Title Guarantee & Trust Company to close this matter immediately; and if they can not do so, for them to return papers to me, without delay. I have instructed the Title Guarantee & Trust Company to deduct your commission, taxes, etc., from the $1500. Trust you will give this matter your immediate attention.

"Very truly yours, Jno. M. Vandiver."

On April 20, 1925, the defendant telegraphed the plaintiff:

"D. H. Hall, Henry 6636 169 Baltic St., Brooklyn, N. Y.

"Received letter to-day dated April seventeenth from New York party urging he contracted for lot April second if you encounter any legal objection to your sale have papers returned to me by Title Guarantee and Trust Company. John M. Vandiver."

On April 25, 1925, the defendant wrote plaintiff:

"Mr. D. H. Hall, 169 Baltic Street, Brooklyn, N. Y.

"Dear Sir: I am enclosing herewith copy of letter which has been forwarded to the Title Guarantee & Trust Company, 175 Remsen Street, Brooklyn, N. Y. Very truly yours, Jno. M. Vandiver."

The copy letter to the Trust Company is as follows:

"April 25th, 1925.

"Title Guarantee & Trust Company, 176 Remsen Street, Brooklyn, N. Y.

"Gentlemen: I am writing to request the return of deeds, etc., mailed to you a few days ago for delivery to D. H. Hall, 169 Baltic Street, Brooklyn, N. Y. If this real estate transaction has

not been wound up, will thank you to return immediately all the papers, except the $100 check; that I will thank you to turn over to Mr. Hall after cancelling my endorsement on the back of same. Please let me know the amount I am indebted to you for the trouble you have been put to, and I will forward you check for same. I am forwarding Mr. D. H. Hall copy of this letter, that he may know he must give this his immediate attention, if it has not already been attended to.

"Very truly yours,   Jno. M. Vandiver."

On April 27, 1927, plaintiff wrote to defendant:

"Mr. Jno. M. Vandiver, State Capitol, Atlanta, Ga.

"Dear Mr. Vandiver: No doubt by this time you have received a letter from the Title Guarantee & Trust Company, notifying you that they were unable to close your matter on Friday, April 24th, the day set by them for Mr. Larson to take title. On Wednesday of last week Mr. Larson informed me that he would not take title until a certain lis pendens was taken off record. I looked up this matter, and find that a Mr. Fallon had the lis pendens filed against your property, claiming that he had a contract dated March 30th. I don't understand how he can claim this lot, as in one of your day letters you wrote that I was the first buyer, and a New York man the second, I having bought the property on April 1st for Mr. Larson, and he claiming he bought the same property on the second of April. Mr. Larson will close the matter just as soon as you have the lis pendens taken off the record. If I can be of any help to you, don't hesitate to write me, as I believe you have acted in good faith, and that Mr. Fallon is just trying to tie up your property. Hoping everything will turn out all right, I remain,

"Very truly yours,   Daniel H. Hall."

On May 13, 1925, plaintiff wrote to defendant:

"John M. Vandiver, Esq., State Capitol, Atlanta, Ga.

"Dear Sir: On April 27th, 1925, I wrote you a letter, the substance of which was that the Title Guarantee & Trust Company refused to pass the title from you to Mr. Larson, because of a lis pendens and complaint filed against your property, which means that you were unable to give good title to Mr. Larson, unless the action was discontinued and the lis pendens removed by you. Not having received any reply to this letter, I telegraphed you on May 1st, requesting you to send me a check for $10 to pay the attor-

ney who drew the deed, and also a check to my order for $75 in payment of my commission which I earned under the agreement for the sale of your lot. Up to the time of this writing, I still have not received any reply either to the above-mentioned letter, or to the telegram. I am therefore writing you again, requesting you to be so kind and send me a check or money order for the items specified. In anticipation of a prompt reply, I am,

"Yours very truly, Daniel H. Hall."

In reply to this letter, defendant wrote to plaintiff, June 8th, 1925.

"Mr. Daniel H. Hall, 169 Baltic Street, Brooklyn, N. Y.

"Dear Sir: Enclosed herewith you will please find $10, this being the fee for drawing deed some time ago.

"Very truly yours, Jno. M. Vandiver."

"P. S. Am also returning $100 check of G. Larson. J. M. V."

The plaintiff testified that on the date set by the Title Guarantee and Trust Company for closing the transaction, April 24, the purchaser, Larson, was ready, willing, and able to buy the property and pay the balance of the purchase-price of $1400. No evidence was offered by the defendant. The jury returned a verdict in favor of the defendant, and the plaintiff excepted to the overruling of his motion for a new trial.

*Graham Wright, R. A. Denny Jr.,* for plaintiff.

*Maddox, Matthews & Owens,* for defendant.