## 33469.   WEHUNT *v.* BABB *et al.*

Decided June 14, 1951.   Rehearing denied July 30, 1951.

*Phillips, Johnson & Williams,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* contra.

MacIntyre, P. J. ▆ The nature of the action, one ex con-

tractu, is unquestioned. The major point of difference between counsel for the respective parties is whether the suit is for the breach of an exclusive *real-estate brokerage contract*, or one for the breach of an exclusive sales-agent contract. Counsel for the plaintiff contend that it is the former, while counsel for the defendant contend it is the latter.

It is, of course, elementary that the character and classification of the action depend upon the intrinsic contents of the petitions, its recital of facts, etc. (*Hubbard* v. *Bibb Brokerage Co.*, 44 *Ga. App.* 1, 17, 160 S. E. 639) ; and it is also, of course, well settled that, as against a general demurrer, if the petition sets forth a cause of action under any theory, it is error to sustain a general demurrer thereto. *Wometco Theatres Inc.* v. *United Artists Corp.*, 53 *Ga. App.* 509 (186 S. E. 572), and citations.

If the suit be construed as one for the breach of a real-estate brokerage contract, all that is necessary for the pleader to do to state a cause of action is to allege the contract of brokerage, allege that he has complied with his part of the contract by securing, during the agency, a purchaser ready, willing, and able to purchase, and who actually offers to purchase upon the terms stipulated by the seller, and to allege that the seller refuses to pay the broker's commission in accordance with the contract. *Winer* v. *Flournoy*, 27 *Ga. App.* 87 (107 S. E. 398), and citations; *Kiser Real Estate Co.* v. *Shippen Hardwood Lumber Co.*, 34 *Ga. App.* 308 (129 S. E. 294).

If the suit be construed as one for breach of a sales-agency contract, it is necessary for the pleader, in order to state a cause of action, to allege that he has complied with his part of the contract by consummating the sale, or that the consummation of the sale has been prevented by the seller in bad faith. *Hyams* v. *Miller*, 71 *Ga.* 608; *Humphries* v. *Smith*, 5 *Ga. App.* 340 (63 S. E. 248) ; *Roberts* v. *Prater & Forrester*, 29 *Ga. App.* 245 (114 S. E. 645) ; *Fenn* v. *Ware*, 100 *Ga.* 563 (1) (28 S. E. 238); *Girardeau* v. *Gibson*, 122 *Ga.* 313, 314 (50 S. E. 91) ; *Hogan* v. *Gilbert*, 27 *Ga. App.* 444 (2) (108 S. E. 625) ; *Kiser Real Estate Co.* v. *Shippen Hardwood Lumber Co.*, supra.

The contract of listment, or brokerage contract, and the contract of sale are both attached to and made a part of the pe-

tition in this case. By the terms of the contract of listment, the original contract entered into by the parties, the defendant employed the plaintiffs as sole and exclusive agents and brokers "to negotiate the sale" of her property and she agreed to pay a commission of 5 percent on the first $10,000 of the gross selling price and 3 percent of the balance of the gross selling price. The sale price of the property was to be $16,000 cash, and delivery of possession was to be arranged. This contract was unquestionably a brokerage contract. It contained no condition that the commission was to be paid only upon the consummation of the sale. The mere fact that in the contract between the owner and the broker listing the property for sale, use is made of the words "negotiate the sale" of the property, does not change the status of the agent from that of broker to a sales agent, so as to render inoperative the provisions of Code, §4-213, that "the broker's commissions are earned, when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." *Roberts* v. *Prater & Forrester*, supra; *Payne* v. *Ponder*, 139 *Ga.* 283, 287 (77 S. E. 32). Thus construed, the contract simply required the plaintiffs to secure, during the agency, a purchaser ready, willing, and able to purchase, and who actually offered to purchase for $16,000 cash, without any variance in the defendant owner's terms.

Under the allegations of the petition, the plaintiff did not secure such a purchaser, but secured one who offered to pay $15,750 cash, which was refused by the defendant, but who, varying the terms of her contract of listment, stated that she preferred to take a down payment of $5000 in cash and for the balance of the $10,750 to be paid in a series of monthly payments. The plaintiff thereupon prepared such an offer in writing containing these provisions for payment and also containing the following special stipulations: "1950 taxes and rents to be prorated as of date of closing of sale. This contract is conditioned upon the final consummation of the sale of property known as 605 Spencer Street, East Point, Georgia, as per contract secured by Tucker Realty Co. This contract is to be closed on or before 60 days after acceptance, otherwise it shall become null and void and of no effect and purchaser's earnest money

refunded. Purchaser to have possession of seller's apartment on or before 60 days after sale is finally closed. Purchaser to furnish seller a title policy covering the above $10,750 loan; the cost of same to be paid by purchaser. The above described property is sold subject to tenants rights." This contract also contained the same provisions for the payment of the plaintiffs' commissions as those contained in the contract of listment. The defendant, on July 7, 1950, accepted the contract of sale in writing. While the terms of this latter contract were variant of the terms contained in the contract of listment, and while such a variance would ordinarily defeat the broker's right to commission (*Gray* v. *Lynn,* 139 *Ga.* 294, 77 S. E. 156; *Robinson* v. *Weller,* 81 *Ga.* 704, 8 S. E. 447; *Parker* v. *Stubbs,* 139 *Ga.* 46 (1), 76 S. E. 571; *Dillin-Morris Co.* v. *Gillespie,* 15 *Ga. App.* 210, 82 S. E. 812; *Van Winkle* v. *Harris,* 137 *Ga.* 43, 72 S. E. 424; *City of Rome* v. *Breed,* 21 *Ga. App.* 805 (1, 2), 95 S. E. 474), the acceptance of the terms of sale contained in the contract of sale effectively made such terms the terms upon which the defendant will be held to have authorized the plaintiffs to offer the property for sale; that is to say, the defendant accepted the variance in her original terms without objection, and will now be held to have waived her right to object to the variance. *Winer* v. *Flournoy,* supra; *Hall* v. *Vandiver,* 37 *Ga. App.* 656 (141 S. E. 332).

It is alleged that the purchaser was ready, willing, and able to purchase according to the terms of the contract of sale and that the purchaser had complied with all the conditions and terms of the contract of sale, and under this allegation it was immaterial that the contract contained a condition precedent to the consummation of the sale, namely, the sale of the purchaser's property in East Point. This provision was for the sole benefit of the purchaser and he could have waived it had he seen fit to do so, but as we have said the petition alleges a compliance with *all* the conditions and terms of that contract, and the consummation of the sale of the *defendant's* property was not a condition precedent to the plaintiffs' right to their commissions. *Reid* v. *Morrison,* 31 *Ga. App.* 613, 614 (121 S. E. 860). The petition set forth a cause of action for the breach of the brokerage contract, and the trial court did not err in overruling the general demurrer to the petition.

The contract of sale was attached merely as an evidence (or allegation of the evidentiary fact) that the plaintiffs had secured a purchaser ready, willing, and able to purchase, and who actually offered to purchase on the defendant's terms. *Reid* v. *Morrison*, 31 *Ga. App.* 613, 614 (supra).

■ In view of the position which we have taken, that the proper construction of the petition is as a suit for breach of a contract of brokerage, it is unnecessary to pass in detail upon the special demurrers lodged against the petition under the view that it was an action for the breach of a sales-agency contract. From what has already been said, it is clear that the special demurrers are without merit.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*