35623. TEAGUE *v.* ADAIR REALTY & LOAN COMPANY.

Decided June 13, 1955—Rehearing denied July 8, 1955.

464

*Harold Sheats, Paul B. Huckeby,* for plaintiff in error.

*Jones, Williams, Dorsey & Kane, Hugh Dorsey, Jr.,* contra.

CARLISLE, J. ■ If a suit be construed as one for the breach of a real-estate brokerage contract, all that is necessary for the pleader to do to state a cause of action is to allege the contract of brokerage, allege that he has complied with his part of the contract by securing, during the agency, a purchaser ready, willing, and able to purchase, and who actually offers to purchase upon

the terms stipulated by the seller, and to allege that the seller refuses to pay the broker's commission in accordance with the contract. *Winer* v. *Flournoy Realty Co.*, 27 *Ga. App.* 87 (107 S. E. 398), and citations; *Kiser Real Estate Co.* v. *Shippen Hardwood Lumber Co.*, 34 *Ga. App.* 308 (129 S. E. 294).

If a suit be construed as one for breach of a sales-agency contract, it is necessary for the pleader, in order to state a cause of action, to allege that he has complied with his part of the contract by consummating the sale, or that the consummation of the sale has been prevented by the seller in bad faith. *Hyams* v. *Miller*, 71 *Ga.* 608; *Humphries & Jackson* v. *Smith*, 5 *Ga. App.* 340 (63 S. E. 248); *Roberts* v. *Prater & Forrester*, 29 *Ga. App.* 245 (114 S. E. 645); *Fenn* v. *Ware*, 100 *Ga.* 563 (1) (28 S. E. 238); *Wehunt* v. *Babb*, 84 *Ga. App.* 536, 538 (66 S. E. 2d 405).

The present petition is unambiguous, does not purport to have been brought upon an implied contract for the payment of real-estate broker's commissions, and is unquestionably brought to recover the commissions for which provision is made in the written contract to sell entered into between the defendant seller, the prospective purchaser, and the plaintiff real-estate broker. By the terms of that provision, the defendant seller agreed with the plaintiff broker to pay the commissions upon the consummation of the sale. Therefore, under the authorities cited above, in order for the plaintiff broker to recover the commissions, it must be shown to the satisfaction of the trior of the facts of the case that the sale had been consummated or that the defendant seller had in bad faith prevented the consummation of the sale.

From the evidence adduced upon the trial it appeared that the defendant seller listed the property with the plaintiff broker for sale. The broker found a prospective purchaser, who, on February 5, 1954, made a written offer to purchase upon certain terms and conditions. On that same day, the defendant seller accepted the proffered terms and conditions by signing the written offer and that contract was also signed by the plaintiff broker through one of its authorized agents. No provision was made in the contract limiting the time within which the sale was to be finally consummated; and, therefore, it will be inferred that a reasonable time was contemplated by the parties, and what is a reasonable time is under the circumstances of each case a question for the

determination of the trior of the facts. *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (3) (58 S. E. 200). The terms of payment agreed upon between the seller and purchaser were: "All cash on closing deal, subject to purchaser getting a loan of $27,000, at no more than 5½% and not less than a 10-year loan." If, in a contract for the sale of real estate, payment of the purchase price is made contingent upon an event which may or may not happen at the pleasure of the buyer, the contract lacks mutuality, and until that contingency has occurred, there is no obligation on the part of the purchaser to purchase or the seller to sell. *F. & C. Investment Co.* v. *Jones*, 210 *Ga.* 635 (81 S. E. 2d 828); *Wehunt* v. *Pritchett*, 208 *Ga.* 441 (67 S. E. 2d 233). The broker's commission was not earned in the present case at the time of the signing of the sales contract, as under its provisions it was contingent upon the securing of the loan and unenforceable. *Brown* v. *White*, 73 *Ga. App.* 524 (37 S. E. 2d 213), and citations. But, "a promise may be nudum pactum when made because the promisee is not bound, but it becomes binding when he subsequently furnishes the consideration contemplated by doing what he was expected to do." *Hall* v. *Wingate*, 159 *Ga.* 630 (1c) (126 S. E. 796); *Hollingsworth* v. *Peoples Bank of Carrollton*, 179 *Ga.* 704 (3) (177 S. E. 743). The prospective purchaser testified on the trial that within two or three days after the signing of the sales contract, he obtained the loan. Under an application of the foregoing principles of law to the facts of this case, the contract was no longer lacking in mutuality insofar as the contingency of the securing of the loan was concerned. Counsel for the defendant seller contends, however, that the sales contract was also contingent upon the seller's securing a fire marshal's certificate and the making of specified repairs to the building, to the satisfaction of the buyer. These conditions were placed in the contract for the benefit of the buyer. The seller promised to perform them and they were capable of performance. These conditions were not such contingencies as to constitute a lack of mutuality. If the seller complied with the requirements of the fire safety act of 1949 (Ga. L. 1949, p. 1057 et seq.; Code, Ann. Supp., §§ 92A-701 et seq.), a fire marshal's certificate could not be arbitrarily denied him (Code § 92A-709). While the seller was entitled to a reasonable time within which to make the speci-

fied repairs and obtain the fire marshal's certificate, the trial court, as trior of the facts, was authorized to find from the testimony of the broker, although this was contradicted by the testimony of the defendant seller, that the seller, sometime in May of 1954, after the loan had been procured, refused to complete his undertakings under the contract and stated to the broker that he was not going through with the sale, as the purchaser merely wished to hold the property for a short while and sell it for a profit. The trial court was, therefore, authorized to find that the defendant seller in bad faith prevented the consummation of the sale, and was, consequently, liable to the plaintiff broker for the commission; and the trial court's finding in favor of the plaintiff broker in the amount of the commission sued for was authorized by the evidence. See, in this connection, *Blount* v. *Lynch*, 24 *Ga. App.* 217 (100 S. E. 644), and citations.

■ Special grounds 1 and 2 are but elaborations of the general grounds, of which disposition has been made in the foregoing division.

■ Special grounds 3, 4, and 7, complaining of the admission in evidence of certain specified testimony over objection, are not meritorious, as other testimony to the same effect and import was introduced without objection, and the objection to the testimony is considered as having been waived. *Southeastern Greyhound Lines* v. *Hancock*, 71 *Ga. App.* 471 (31 S. E. 2d 59).

■ In special ground 5 error is assigned on the introduction of the buyer's testimony that he had obtained the loan upon which the purchase was conditioned, on the ground that it was irrelevant and immaterial. The materiality and relevancy of that testimony has been illustrated in the discussion of the general grounds in division 1 of the opinion, and this ground is not meritorious.

■ The exclusion of the testimony of the buyer that he had never set a date for the closing of the sale and had never tendered the money as a consideration for closing, of which complaint is made in special ground 6, was not erroneous. The contract, which was introduced in evidence, showed on its face that no date had been set for closing the sale, and since it appeared that the seller did not, as the trial court found, intend to complete the sale in any event, it was immaterial whether or not the prospective purchaser tendered the money—to have done so would have been a useless formality. This ground is not meritorious.

469

The trial court did not err in overruling the motion for any reason assigned in the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*