45518.   CHASTAIN v. ALLISON.

BELL, Chief Judge. This is a suit to recover a commission on a real estate sale contract. The trial court heard the case without the intervention of a jury and granted judgment for defendant stating in its order that the "contract sued upon was too vague and indefinite for enforcement." The contract was for the purchase and sale of defendant's property, between plaintiff, defendant and a third-party purchaser. With reference to plaintiff it provides: "In negotiating this contract broker has rendered a valuable service, for which reason the broker negotiating this contract is made a party to this contract to enable the broker to enforce his commission rights hereunder against the parties hereto on the following basis: Seller agrees to pay broker commission when sale is consummated; seller also agrees that if sale is not consummated because of seller's inability, failure or refusal to convey marketable title, seller shall pay full commission to broker and broker shall return earnest money to purchaser." The plaintiff on appeal relies upon *Code* § 4-213, which provides in material part: "The brokers' commissions are earned when during the agency he finds a purchaser ready, able and willing to buy and who actually offers to buy on the terms stipulated by the owner." This is a sales agency contract and the cited Code section has no application. *Roberts v. Prater & Forrester,* 29 Ga. App. 245 (114 SE 645); *Wehunt v. Babb,* 84 Ga. App. 536 (66 SE2d 405). As a sales agency contract, plaintiff must show that he has complied with his part of the contract by consummating the sale or that the consummation of the sale has been prevented by the seller without legal cause. *Wehunt v. Babb,* supra. Where the real estate contract forming the basis of an action for real estate commission against a

party is too indefinite to be enforceable, the contract creates no obligation to pay commissions in favor of the agent. *Morgan v. Hemphill,* 214 Ga. 555 (105 SE2d 580); *Southeastern Realty Co. v. Griffin,* 38 Ga. App. 220 (143 SE 435). The contract for sale of the realty in this case recited that the purchase price to be paid was "Purchaser will give equity in property at 2791 Rollingwood Lane, S. E., Atlanta, Georgia, plus $2,400, cash and assume and agree to pay present first mortgage in the amount of approx. $14,115, in favor of Fickling & Walker, payable $117 Mo. incl. taxes and insurance beginning with the 10/1/67 instalment." Where the amount of the pruchase price fixed by the contract is certain and definite but the terms of payment are indefinite and uncertain, the writing is not a contract and confers no rights and imposes no liability. *Rush v. Autry,* 210 Ga. 732-734 (82 SE2d 866). The terms here that purchaser will give his equity in another piece of property are unquestionably indefinite, vague and uncertain. It is not sufficient to determine with any degree of certainty as to what is the value of the purchaser's "equity" or his interest in the Rollingwood Lane property and does not furnish a key to how this may be ascertained without resorting to parol evidence.

*Judgment affirmed. Quillian and Whitman, JJ., concur.* SUBMITTED SEPTEMBER 8, 1970—DECIDED NOVEMBER 13, 1970.

*Fred W. Minter,* for appellant.
*Parker, Parker & Rary, J. C. Rary,* for appellee.