### 49025. PARR REALTY COMPANY v. CARROLL.

CLARK, Judge.

Plaintiff, a licensed realty broker engaged by defendant landowner to procure a purchaser for defendant's land, filed this suit in two counts alleging commissions were owed to the broker by defendant. The first count claims damages for breach of a brokerage contract. The second count is based upon breach of an executed sales contract which appellant-broker had negotiated and which provided therein for the broker to receive a 10% real estate commission. The executed sales contract is attached as an exhibit to each count. A motion to dismiss was sustained as to both counts because the sales contract was "too vague, indefinite and uncertain to constitute a valid enforceable contract for the sale of realty." In taking this appeal plaintiff acknowledges the correctness of this ruling as to the sales contract and thereby recognizes the second count was correctly dismissed. Appellant, however, argues error in that the first count is based upon the performance by plaintiff of a brokerage contract whereby "defendant engaged the services of plaintiff to produce a buyer for certain real estate owned by defendant and agreed to pay plaintiff a commission therefor."

1. Plaintiff does not plead a written brokerage contract but avers he had produced purchasers "during the term of the agency and in pursuance thereof." The legality of plaintiff's claim for breach of the alleged brokerage contract must be determined by the sales contract which was attached to the complaint as Exhibit A. Where exhibits attached to a complaint conflict with the allegations the exhibits are controlling. *Spiegel v. Hays,* 103 Ga. App. 293, 297 (1) (119 SE2d 123) and citations therein; *Seckinger v. Silvers,* 104 Ga. App. 396, 397 (121 SE2d 922). Since the executed sales contract

necessarily serves as the foundation for any claim that plaintiff can make as a broker and since that executed contract was admittedly invalid because of the indefiniteness, vagueness, and uncertainty, no brokerage claim can be made for the services rendered in producing an invalid and unenforceable sales contract. The cases of *Reid v. Morrison,* 31 Ga. App. 613 (121 SE 860) and *Wehunt v. Babb,* 84 Ga. App. 536 (66 SE2d 405), relied upon by the plaintiff, are not applicable for the reason that the pleading itself in the instant case contradicts the allegation that the plaintiff had performed the required services under the brokerage agreement. See *Ragsdale v. Smith,* 110 Ga. App. 485 (138 SE2d 916) and *Chastain v. Allison,* 122 Ga. App. 811 (178 SE2d 752).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED FEBRUARY 4, 1974 — DECIDED APRIL 2, 1974.

*Jones, Wilson & Tomlinson, John E. Tomlinson,* for appellant.

*Norman H. Fudge,* for appellee.