## A90A0265. HITT v. LORD.
(391 SE2d 681)

Birdsong, Judge.

Roy Hitt appeals the grant of summary judgment to Frank Lord which awarded the return of $5,000 earnest money to Lord, the pur-

chaser, in a real estate deal that the parties agreed not to consummate apparently because a condition of the contract (rezoning) had not been fulfilled.

Appellant Hitt contends, inter alia, that an issue of fact exists whether he or purchaser Lord was intended to or required to have Hitt's property rezoned; and that the rezoning was purchaser Lord's duty which Lord failed to perform. *Held*:

The trial court did not err in granting summary judgment to the purchaser for return of the earnest money. The evidence of record shows that the sales contract was executed subject to the controlling special stipulation: "1. Subject to rezoning. . . ." The contract is utterly silent as to whose duty it was to have the property rezoned. As a matter of fact, this deficiency rendered the contract too vague and indefinite to enforce (*Zappa v. Basden*, 188 Ga. App. 472 (373 SE2d 246)), because it is undisputed this very uncertainty caused the contract ultimately to fall through. Appellant Hitt, the seller, attempts to assert that the parties agreed orally that it would be Lord's duty to rezone, but this attempt to resort to parol evidence to ascertain the intent of a contract for sale of real property, only emphasizes its indefiniteness and proves its unenforceability. See *Chastain v. Allison*, 122 Ga. App. 811 (178 SE2d 752); *Zappa*, supra.

Moreover, Chatham County documents of record by which the purchaser ultimately tried to have the rezoning done himself, show that it was required to be petitioned by "Owner's signature or Authorized Agent's signature"; and, the owner Hitt did not make Lord his "agent" for petitioning for rezoning until after the original scheduled closing date. Thus, because appellant Hitt says it was agreed the purchaser Lord would seek rezoning, the questions thus arise whether Hitt failed in his apparent duty to make Lord his "agent" for the purpose of rezoning, and whether Lord acted with due diligence. The confusing issues raised by the evidence, and by Hitt's arguments, prove the difficulty of attempting to resolve and enforce by parol evidence an indefinite real estate contract (see, e.g., *Chastain*, supra), and the legal necessity of refusing to enforce it upon such vague terms. The contract being void for vagueness, it was required that the purchaser's earnest money be returned.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 26, 1990.

*Duffy & Feemster, Charles P. Daly*, for appellant.
*Noble L. Boykin, Jr.*, for appellee.